### Montana Eighth Judicial District Court.
### County of Cascade.

**STATE OF MONTANA,**
    **Plaintiff,**
**-vs-**
**DOUGLAS SCOTT STOKER,**
    **Defendant.**

**CAUSE NO. DC-15-240**

**DECISION**

On March 8, 2016, the Defendant was sentenced as follows:   Count IV: A commitment to the Montana State Prison for a term of 100 years, for the offense of Incest, a Felony, in violation of §45-5-507(1), MCA; and Count VIII: A commitment to the Montana State Prison for a term of 100 years, for the offense of Incest, a Felony, in violation of §45-5-507(1), MCA. Counts IV and VIII were ordered to run concurrent. The Court dismissed Counts I, II, III, V, VI, and VII. The Court ordered that the Defendant not be eligible for parole until after 25 years, and at that time it is not guaranteed under the law, it is up to the Parole Board at that time. The Court granted 303 days credit for time served prior to sentencing in this matter.

The Court designated the Defendant as a Tier 3 Sex Offender. The Court ordered the Defendant to enter and complete phases 1, 2, and 3 of an MSOTA qualified or equivalent Sex Offender Treatment Program.

On August 4, 2016, the Defendant's Application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court (hereafter "the Division").

The Defendant appeared by Vision Net from the Crossroads Correctional Center and was represented by Brent Getty of the Office of the State Public Defender. The State was not represented.

Before hearing the Application, the Defendant was advised that the Division has the authority not only to reduce the sentence or affirm it, but also increase it. The Defendant was further advised that there is no appeal from a decision of the Division. The Defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 12, Rules of the Sentence Review Division of the Supreme Court of

Montana, provides that, "The sentence imposed by the District Court is presumed correct. The sentence shall not be reduced or increased unless it is clearly inadequate or clearly excessive." (Section 46-18-904(3), MCA).

As to time given to the Defendant by way of the sentence, the Division unanimously finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is clearly inadequate or clearly excessive. Therefore, it is the unanimous decision of the Division that the sentence is **AFFIRMED**.

As to the matter of the Tier 3 sexual offender designation, Judge Gilbert and Judge Newman affirm the Tier 3 designation. Judge Seeley dissents.

Done in open Court this 4th day of August, 2016.

DATED this 24th day of August, 2016.

Hon. Brenda Gilbert, Chairperson and Hon. Brad Newman.

The Tier 3 sexual offender designation is not supported by any evidence in the record and the judgment contains no explanation of why the sentencing judge departed from the Tier 1 recommendation in the psychosexual evaluation. I find the Tier 3 designation excessive.

Hon. Kathy Seeley, Member.